UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS A. DODENHOFF,<br><br>Plaintiff,<br><br>v.<br><br>CACHE CREEK FOODS, LLC, et al.,<br><br>Defendants. | No.  2:15-cv-0107-MCE-KJN PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

INTRODUCTION

Presently pending before the court is a motion to dismiss filed by named defendant Tammy L. Pauler (erroneously named as defendant J L Paule) and the United States as real party in interest (collectively, the "Federal Defendants"). (ECF No. 5.) Plaintiff Dennis Dodenhoff, proceeding without counsel, filed an opposition to the motion, and the Federal Defendants filed a reply brief. (ECF Nos. 11, 12.) Thereafter, the motion was submitted for decision without oral argument on the record and written briefing pursuant to Local Rule 230(g).  (ECF No. 13.)

After carefully considering the written briefing, the court's record, and the applicable law, the court recommends that the motion to dismiss be GRANTED and that the action be dismissed with prejudice.

1

BACKGROUND

Plaintiff initially commenced this action in the Yolo County Superior Court on April 1, 2014. (ECF No. 1-1.) On January 14, 2015, the Federal Defendants removed the case to federal district court pursuant to 28 U.S.C. §§ 1441 & 1442(a)(1) as an action brought against an officer of the United States challenging the collection of taxes. (ECF No. 1.)[1] No motion to remand was filed.

Plaintiff's complaint, styled as a "Claim to Recover Pecuniary Property Taken Under Threat and to Enforce Plaintiff's Rights Protected by the State and Federal Constitutions" is rambling and confusing, and mostly contains conclusory statements and pontification concerning the constitutionality of federal income tax. (See generally ECF No. 1-1.) Liberally construed, plaintiff alleges that defendant Pauler, an Automated Collection System Operations Manager with the Internal Revenue Service ("IRS") improperly and unconstitutionally served an IRS Notice of Levy on Wages, Salary, and Other Income, dated December 12, 2013, on plaintiff's former employer, defendant Cache Creek Foods, LLC ("Cache Creek"), to collect outstanding federal income tax liabilities that plaintiff claims he does not owe. According to plaintiff, Cache Creek wrongfully complied with the IRS levy by paying most of plaintiff's wages to the IRS, because the IRS purportedly lacks jurisdiction and authority to levy taxes on plaintiff's wages. Plaintiff's complaint makes vague references to various statutes, discussed in greater detail below, and seeks the following relief: (1) a return of all levied wages; (2) punitive and exemplary damages in the amount of $100,000.00; (3) an order directing the defendants to remove all tax liens and notices filed against plaintiff, and to abandon all future tax assessment and collection actions against plaintiff; and (4) costs of suit.

DISCUSSION

The Federal Defendants move to dismiss plaintiff's claims against them for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1); failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); and lack

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

2

of personal jurisdiction and insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(5).

   Dismissal for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994) (citations omitted).

The Federal Defendants here contend that the doctrine of sovereign immunity bars plaintiff's claims against them, and that the court thus lacks subject matter jurisdiction over such claims.[2]  For the reasons discussed below, that argument has merit.

As the Ninth Circuit Court of Appeals has explained:

> It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued.  Such waiver cannot be implied, but must be unequivocally expressed.  Where a suit has not been consented to by the United States, dismissal of the action is required.  It is axiomatic that the United States may not be sued without its consent and that the existence of such consent is a prerequisite for jurisdiction…It has long been the rule that the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants.  Thus, a suit against IRS employees in their official capacity is essentially a suit against the United States.  As such, absent express statutory consent to sue, dismissal is required.

Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985) (citations and quotation marks omitted).  The party who sues the United States bears the burden of pointing to an unequivocal waiver of sovereign immunity.  Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983).

There is no question that plaintiff's claims in this case are against defendant Pauler in her official capacity as an IRS employee, i.e., that such claims are essentially claims against the

---

[2] The Federal Defendants bring a facial attack to the court's subject matter jurisdiction, because they do not rely on any extrinsic evidence, but merely assert that the allegations contained in plaintiff's complaint are insufficient on their face to invoke the court's subject matter jurisdiction.  See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  As such, for purposes of resolving the motion to dismiss, the court accepts all well-pled, factual allegations as true.

United States. Defendant Pauler's only alleged involvement with plaintiff was the appearance of her signature on the IRS Notice of Levy (see ECF No. 9-1 at 122-23), which was issued in her official capacity as an IRS employee. Plaintiff does not allege that defendant Pauler was a rogue IRS officer that individually violated applicable laws and procedures – instead, plaintiff challenges the applicability of federal taxation to his wages in a structural sense. Moreover, the relief plaintiff seeks in this action – primarily a return of levied wages, removal of tax liens and notices, and abandonment of future tax assessment and collection actions – contemplates official action by the United States, and is not the type of relief that defendant Pauler could grant in her individual capacity. Therefore, plaintiff's claims are against defendant Pauler in her official capacity, and such official capacity claims (or any claims against the IRS or the United States) are barred by the doctrine of sovereign immunity, unless plaintiff can demonstrate express statutory consent to sue.

Significantly, the statutes broadly referenced by plaintiff's complaint do not provide such express statutory consent.

Plaintiff's reference to section 3201(a) of the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 et seq. (ECF No. 1-1 at 12) is unavailing, because that Act provides for procedures by which the United States may recover a judgment on a debt and does not create a private cause of action under which the United States can be sued. See 28 U.S.C. § 3001(a).

Likewise, plaintiff cannot rely on 18 U.S.C. § 241 (ECF No. 1-1 at 13) to overcome the sovereign immunity bar, because it is a federal criminal statute and does not provide a civil private cause of action against the United States. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Additionally, plaintiff's reliance on 42 U.S.C. § 1983 (ECF No. 1-1 at 13) is misplaced, because defendant Pauler is a federal official and plainly did not act under color of state law. See Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987).

Even though plaintiff's complaint also references a potential claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (ECF No. 1-1 at 13), a Bivens action "can be maintained against a defendant in his or her individual capacity only,

4

1    and not in his or her official capacity" because "a Bivens suit against a defendant in his or her
2    official capacity would merely be another way of pleading an action against the United States,
3    which would be barred by the doctrine of sovereign immunity." Consejo de Desarrollo
4    Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007).  For the
5    reasons discussed above, defendant Pauler here is clearly sued in her official capacity.  In any
6    event, even if plaintiff had somehow sued defendant Pauler in her individual capacity, the Ninth
7    Circuit has held that no Bivens remedy is available for allegedly unconstitutional actions of IRS
8    officials engaged in tax assessment and collection.  Adams v. Johnson, 355 F.3d 1179 (9th Cir.
9    2004).

10        Plaintiff's complaint also appears to assert miscellaneous tort claims, including civil
11    extortion, fraud, and defamation.  (ECF No. 1-1 at 13-14.)  However, although the Federal Tort
12    Claims Act ("FTCA") waives the United States' sovereign immunity for certain torts committed
13    by government employees within the scope of their employment, the FTCA specifically excludes
14    claims arising with respect to the assessment and collection of any tax.  See 28 U.S.C. § 2680(c);
15    Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982).  Therefore, even assuming
16    *arguendo* that plaintiff had brought his purported tort claims under the FTCA and that plaintiff
17    had properly exhausted administrative remedies as required by the FTCA, see 28 U.S.C. §
18    2675(a), any such claims plainly arise from the assessment and collection of federal income tax.
19    Thus, they fall outside the scope of the United States' waiver of sovereign immunity under the
20    FTCA.

21        Furthermore, the court lacks jurisdiction over plaintiff's claims for injunctive relief
22    (seeking an order removing all tax liens and notices filed against plaintiff and enjoining further
23    tax assessment and collection against plaintiff), because such claims are barred by the Anti-
24    Injunction Act.  See 26 U.S.C. § 7421(a) (specifying that, with some exceptions not applicable
25    here, "no suit for the purpose of restraining the assessment or collection of any tax shall be
26    maintained in any court by any person…."); Enochs v. Williams Packing & Navigation Co., 370
27    U.S. 1, 7 (1962) ("The manifest purpose of §7421(a) is to permit the United States to assess and
28    collect taxes alleged to be due without judicial intervention, and to require that the legal right to

the disputed sums be determined in a suit for refund.").[3]

Finally, to the extent that plaintiff's complaint could be construed as a purported suit for refund against the United States pursuant to 28 U.S.C. § 1346(a)(1), the court nonetheless lacks subject matter jurisdiction. 28 U.S.C. § 1346(a)(1) waives the sovereign immunity of the United States to permit a "civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." However, there is no jurisdiction in the district courts over suits for refund until the taxpayer has paid the full amount of the contested taxes and has filed an administrative claim for refund which the IRS has either rejected or not acted upon in six (6) months. See Thomas v. United States, 755 F.2d 728, 729 (9th Cir. 1985) (citing Flora v. United States, 357 U.S. 63 (1958), aff'd on rehearing, 362 U.S. 145 (1960) and 26 U.S.C. §§ 7422(a) & 6532(a)). In this case, plaintiff's complaint does not allege that he paid the contested federal income tax liabilities in full, nor does plaintiff allege that he has exhausted administrative remedies. As such, the court lacks subject matter jurisdiction over any purported suit for refund.

Moreover, even if the deficiencies regarding such jurisdictional prerequisites could conceivably be cured by further amendment of the complaint, the court finds that granting leave to amend here would be futile. Plaintiff's challenge to the IRS Notice of Levy is entirely based on frivolous and nonsensical tax protestor arguments regarding the alleged unconstitutionality of portions of the federal tax framework, including, *inter alia*, that federal income taxes do not apply to an individual's wages, that the Internal Revenue Code is restricted to certain federal enclaves, and that the levy of plaintiff's wages to satisfy his tax obligations violates the United States and California Constitutions in various ways. Such arguments have been repeatedly rejected by the

---

[3] In Williams Packing, the Supreme Court recognized a limited exception to the Anti-Injunction Act permitting injunctive relief when "it is clear that under no circumstances could the Government ultimately prevail" and the other requirements for equitable relief, such as inadequacy of a legal remedy, are satisfied. Williams Packing, 370 U.S. at 7. However, as discussed below, plaintiff cannot show that the Federal Defendants have no possibility of prevailing, because plaintiff's tax protestor arguments are frivolous.

courts.  See, e.g., Maisano v. United States, 908 F.2d 408, 409 (9th Cir. 1990); Crain v. Commissioner of Internal Revenue, 737 F.2d 1417, 1417-18 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit.  The constitutionality of our income tax system—including the role played within that system by the Internal Revenue Service and the Tax Court—has  long been established.").  Thus, even if plaintiff could conceivably cure pleading deficiencies related to jurisdictional prerequisites, plaintiff's claims are patently frivolous and granting leave to amend would be futile.[4]

In sum, because the court lacks subject matter jurisdiction over all of plaintiff's claims against the Federal Defendants, they should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).  Furthermore, although a dismissal for lack of subject matter jurisdiction is ordinarily without prejudice, plaintiff, under the circumstances here, would be unable to cure his claims against the Federal Defendants and/or assert them in some other court of competent jurisdiction.  Therefore, dismissal of plaintiff's claims against the Federal Defendants should be with prejudice.

Dismissal on Other Grounds

In light of the court's conclusion that plaintiff's claims against the Federal Defendants should be dismissed for lack of subject matter jurisdiction, the court finds it unnecessary to consider the Federal Defendants' arguments for dismissal pursuant to Rule 12(b)(2), (5), and (6) of the Federal Rules of Civil Procedure.

---

[4] For those same reasons, leave to amend to state a claim under 26 U.S.C. § 7433 is not warranted.  That statute provides that, "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States." 26 U.S.C. § 7433.  Even assuming *arguendo* that plaintiff properly exhausted administrative remedies with respect to such a claim, see 26 U.S.C. § 7433(d)(1), he does not claim that defendant Pauler intentionally, recklessly, or negligently disregarded a provision of the Internal Revenue Code or any of its accompanying regulations.  Instead, plaintiff challenges the constitutionality of the Internal Revenue Code's application to an individual's wages.  Plaintiff's frivolous contentions simply cannot support a claim under 26 U.S.C. § 7433.

<u>Defendant Cache Creek</u>

The only other named defendant in this action is plaintiff's former employer, defendant Cache Creek. Cache Creek has not entered an appearance in federal court.

"A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." <u>Silverton v. Dep't of Treasury</u>, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made without notice where the [plaintiff] cannot possibly win relief." <u>Omar v. Sea-Land Serv., Inc.</u>, 813 F.2d 986, 991 (9th Cir. 1987). The court's authority in this regard includes *sua sponte* dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. <u>Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery</u>, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."); see also <u>Bach v. Mason</u>, 190 F.R.D. 567, 571 (D. Idaho 1999); <u>Ricotta v. California</u>, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).

Plaintiff's claims against Cache Creek are based solely on Cache Creek's alleged wrongful compliance with the IRS Notice of Levy. Even though Cache Creek, as a private entity, is not entitled to sovereign immunity and thus not in the same position as the Federal Defendants, plaintiff's claims against Cache Creek are nonetheless integrally related to plaintiff's claims against the Federal Defendants. That is true because the alleged wrongfulness of Cache Creek's compliance with the IRS Notice of Levy is based on plaintiff's above-mentioned contentions and arguments that the IRS Notice of Levy itself is unconstitutional. As such, the court may properly consider whether *sua sponte* dismissal of claims against Cache Creek is appropriate.

The state court record filed in this court indicates that the state court on September 15, 2014, prior to removal of the action to this court, sustained Cache Creek's demurrer without leave to amend (which is essentially the state court equivalent of granting a motion to dismiss without leave to amend). (See ECF No. 9-1 at 76-81.) The state court correctly found that Cache Creek was immune from liability with respect to its compliance with the IRS Notice of Levy. <u>See</u> 26

U.S.C. § 6332(e) ("Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment."); O'Neill v. Hilton Grand Vacations Club, 2001 WL 1673579, at *2 (D. Haw. Oct. 24, 2001) (noting that "the plain language of [26 U.S.C. § 6332(e)] makes clear that Plaintiff's employers cannot be liable to him for withholding funds when such withholding was the result of an IRS levy").

Therefore, to the extent that plaintiff's claims against Cache Creek have not already been dismissed by the state court prior to removal, they should be dismissed by this court. Also, because plaintiff cannot plead around Cache Creek's immunity under the circumstances here, plaintiff's claims against Cache Creek should likewise be dismissed with prejudice.

CONCLUSION

Accordingly, for the reasons outlined above, IT IS HEREBY RECOMMENDED that:

1. The Federal Defendants' motion to dismiss (ECF No. 5) be granted.
2. The entire action be dismissed with prejudice.
3. The Clerk of Court be directed to close this case.

IT IS ALSO HEREBY ORDERED that:

1. The June 4, 2015 status conference before the undersigned is vacated. If necessary, the court will reschedule the date of that status conference at a later juncture.
2. All pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations by the district judge. Other than objections to the findings and recommendations and non-frivolous motions for emergency relief, the court will not entertain or respond to additional pleadings or motions until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14)

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  April 13, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE